1  BYRON CHAPMAN, *In Propria Persona*
2  1010 Monique Way
   Dixon, CA 95620
3  707-678-2323

4

5  BYRON CHAPMAN, *IN PRO PER*

6

7
## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

8

9                                          CASE NO. **CV 12 2004** —JFW
                                           (VBKx)
10  BYRON CHAPMAN, an individual,      )   **Civil Rights**
                                       )
11          Plaintiff,                 )   **COMPLAINT FOR INJUNCTIVE RELIEF
                                       )   AND DAMAGES:**
12  v.                                 )
                                       )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
13                                     )   by a Public Accommodation in Violation of the
    J&W HOTEL, INC., a California      )   Americans with Disabilities Act of 1990 (42
14  Corporation dba BEST WESTERN LA    )   U.S.C. §12101, *et seq.*)
    POSADA MOTEL,                      )
15                                     )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
            Defendant.                 )   and Equal Access in Violation of California
16                                     )   Civil Code §§54, 54.1 and 54.3
                                       )
17                                         **3ʳᵈ CAUSE OF ACTION:** For Denial of
                                           Accessible Sanitary Facilities in Violation of
18                                         California Health & Safety Code §19955, *et seq.*

19                                         **4ᵗʰ CAUSE OF ACTION:** For Denial of
                                           Access to Full and Equal Accommodations,
20                                         Advantages, Facilities, Privileges and/or
                                           Services in Violation of California Civil Code
21                                         §51, *et seq.* (The Unruh Civil Rights Act)

22

23
                                           **DEMAND FOR JURY**
24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiff BYRON CHAPMAN, an individual, complains of defendant J&W HOTEL,
2   INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, and alleges as
3   follows:

4   **INTRODUCTION:**

5   1.   This is a civil rights action for discrimination against persons with physical
6   disabilities, of which class plaintiff BYRON CHAPMAN and the disability community are
7   members, for failure to remove architectural barriers structural in nature at defendants' BEST
8   WESTERN LA POSADA MOTEL, a place of public accommodation, thereby discriminatorily
9   denying plaintiff and the class of other similarly situated persons with physical disabilities access
10   to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,
11   facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages
12   pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California
13   Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14   2.   Plaintiff BYRON CHAPMAN is a person with physical disabilities who, on or
15   about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011 and July
16   18, 2011, was an invitee, guest, patron, customer at defendants' BEST WESTERN LA
17   POSADA, in the City of Fillmore, California.  At said time(s) and place, defendants failed to
18   provide proper legal access to the motel, which is a "public accommodation" and/or a "public
19   facility" including, but not limited to signage, parking, cashier counter, guest room(s),  men's
20   restroom and women's restroom.  The denial of access was in violation of both federal and
21   California legal requirements, and plaintiff BYRON CHAPMAN suffered violation of his civil
22   rights to full and equal access, and was embarrassed and humiliated.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 827 W. Ventura Street, in the City of Fillmore, County of Ventura, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff BYRON CHAPMAN is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 50% motor skills and no sensitivity) and which requires that he use a wheelchair for mobility for the majority of the time.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Consequently, plaintiff BYRON CHAPMAN is a member of that portion of the public whose
2  rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access
3  to Public Accommodations by Physically Handicapped Persons") and the protections of the
4  Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54,
5  and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6      6.  **DEFINITIONS:**

7          a.  **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines
8              of 1990; and The Americans with Disabilities Act Accessibility Guidelines
9              2010 revision. (Used where applicable).

10          b.  **ARCHITECTURAL BARRIERS** - Architectural barriers are physical
11              features that limit or prevent people with disabilities from obtaining the
12              goods or services that are offered.  They can include but are not limited to
13              the following examples:  parking spaces that are too narrow to
14              accommodate people who use wheelchairs; a step or steps at the entrance
15              or to part of the selling space of a store; round doorknobs or door hardware
16              that is difficult to grasp; aisles that are too narrow for a person using a
17              wheelchair; electric scooter, or a walker; a high counter or narrow
18              checkout aisles at a cash register, and fixed tables in eating areas that are
19              too low to accommodate a person using a wheelchair or that have fixed
20              seats that prevent a person using a wheelchair from pulling under the table.
21              Excerpted from the *"ADA Guide for Small Businesses"* with an
22              interlineationmodification. http://www.ada.gov/smbustxt.htm.

23          c.  **ELEMENTS** - An architectural or mechanical component of a building,
24              facility, space, or site (e.g., telephone, curb ramp, door, flush valve,
25              drinking fountain, seating, or water closet, toilet seat, dispensers) and/or
26              placement or lack thereof.

27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

d. **CATEGORICAL ARCHITECTURAL BARRIERS** - Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category.  For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e. **PHYSICAL FEATURES** - Are synonymous with "Elements."

f. **FACILITY** - All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g. **ENTRANCE** - Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

h. **CLEAR FLOOR SPACE** - The minimum unobstructed floor or ground space required to accommodate a singe, stationary wheelchair and occupant.

i. **ACCESSIBLE ROUTE** - A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

j. **ACCESSIBLE SPACE/PATH OF TRAVEL** - Space that complies with ADAAG guidelines.

k. **NON COMPLYING** - Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

7.     Defendant J&W HOTEL, INC. (hereinafter alternatively collectively referred to as "defendants") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as BEST WESTERN LA POSADA, located at/near 827 W. Ventura Street,  California, or of the building and/or buildings which constitute said public accommodation.

8.     At all times relevant to this complaint, defendant J&W HOTEL, INC., owns and operates in joint venture the subject BEST WESTERN LA POSADA as a public acco-mmodation. This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

9.     At all times relevant to this complaint, defendant J&W HOTEL, INC. is jointly and severally responsible to identify and remove architectural barriers at the subject BEST WESTERN LA POSADA pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

10.     The BEST WESTERN LA POSADA, is a motel, located at/near 827 W. Ventura Street, Fillmore, California 93015. The BEST WESTERN LA POSADA, its signage, parking, cashier counter, guest room(s), men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  On information and belief, each such facility has, since July 1, 1970, undergone "alterations,
2  structural repairs and additions," each of which has subjected the BEST WESTERN LA
3  POSADA  and each of its facilities, its signage, parking, cashier counter, guest room(s), men's
4  restroom and women's restroom to disability access requirements per the Americans with
5  Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

6       11.    At all times stated herein, defendants' and each of them with the knowledge that
7  each of them had a continuing obligation to identify and remove architectural barriers where it
8  was readily achievable to do so, failed to adopt a transition plan to provide better and/or
9  compliant access to the subject accommodation.

10       12.    At all times referred to herein and continuing to the present time, defendants, and
11  each of them, advertised, publicized and held out the BEST WESTERN LA POSADA as being
12  handicapped accessible and handicapped usable.

13       13.    On or about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April
14  17, 2011 and July 18, 2011, plaintiff BYRON CHAPMAN was an invitee and guest at the
15  subject BEST WESTERN LA POSADA, with his wife, Judi Chapman, or his daughter, Kelli
16  Morel, or by himself, for purposes of overnight lodging.

17       14.    On or about March 11, 2010, plaintiff BYRON CHAPMAN pulled into the
18  parking lot of the BEST WESTERN LA POSADA in his van. There, plaintiff BYRON
19  CHAPMAN encountered the lack of two (2) complying disabled parking stalls with signage
20  access aisle(s). Plaintiff BYRON CHAPMAN did notice two (2) weathered and undecipherable
21  ISA emblems with no disabled parking signage to designated them as compliant stalls. As a
22  consequence, plaintiff BYRON CHAPMAN did not want to risk being blocked in.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     At said time and place, plaintiff BYRON CHAPMAN wheeled to the lobby door. There, he encountered a threshold approximately three (3) to four (4) inches high. This prevented plaintiff BYRON CHAPMAN from entering. There was no signage for an accessible entrance or means to summon assistance. Plaintiff BYRON CHAPMAN tapped on the glass with his keys. A clerk came and opened the door. The clerk and another woman lifted part of his wheelchair up. Plaintiff BYRON CHAPMAN entered. This was upsetting and stressful for plaintiff. Once inside, plaintiff BYRON CHAPMAN encountered a lobby counter too high to conduct his business at. It was difficult to use at best.

16.     At said time and place, plaintiff BYRON CHAPMAN asked for a room for the disabled. An accessible room. The clerk said none were available. Plaintiff was told that a suite was available that might be usable. Plaintiff rented room #26. He encountered multiple barriers which made his stay difficult. There was a one (1) inch threshold at the entry door, inaccessible bathroom and shower area.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17.   On or about that same day March 11, 2010, plaintiff BYRON CHAPMAN wrote and hand delivered a letter to the owner/operator of the motel. He stated:

> "I am down in this area on business and will be in this area again on business and pleasure. I stayed in room 26. The desk clerk said the only rooms available that would accommodate a person in a wheelchair would be this type of room. I asked if it had a roll in shower and they said no. I asked about the tub access and if the bathroom had grab bars and she said there is a grab bar. I stay at many Best Western Hotels and I have a Best Western Rewards card. When I pulled into the driveway to park and get a room, I did not see any disability parking near the office.  I therefore parked in two parking spaces to help ensure that I could re-enter my van and not be blocked out by someone parking next to the right side of my van (that side has the lift ramp). When I got to the office door I could not get my wheelchair over the threshold (approximately 3" high) without the help of a guest in the lobby at that time.  And from there it just went down hill from there. The disabled parking space did not have proper signage. The threshold into my room (26) was at best 1½" high. Once in the room, I noticed the light switches were very hard to reach and the door safety latch were very hard to reach and the door safety latch was very difficult to reach to lock and unlock.  There were issues with the table in the room, reaching the vanity sink, thermostat and I could not get into the bathroom with my wheelchair, and as for using the tub, no way. I had to settle for a sponge bath so to speak and the toilet is really something else. It has been two decades since the ADA (Americans with Disabilities Act) was signed into Federal law, that's (20) twenty years. There is no reason why you don't have a disability room(s) that are fully accessible per the CBC (California Buildings Codes) and the ADA. This rates rather high on my recollection of how bad a disability can be not user friendly. You need to contact the Justice Department in Washington D.C. They have a toll free #  but I don't recall what it is. You might also contact the City of Oakland California Disabilities league for information on how to proceed. I also suggest you contact your city's building department and ask to speak to their ADA Coordinator if one is available. You need to take action immediately you are about 20 years late and counting! Please write me back within 4 weeks from the date of this letter informing me what action you plan to take to identify the code violations and get them corrected within four (4) months from the date of this letter. Please mail your written response to me via FedEx or a similar company to ensure I receive upon response in time. I look forward to staying at your facility in the near future especially when you have rooms that are fully accessible for the disabled. Thank you in advance for your attention in this matter and making all the necessary code corrections and within the next four (4) months."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18.     At said time and place, plaintiff BYRON CHAPMAN spoke to both partners of the motel about the lack of access. Jay Hong Kim, one of the partners, said that there were no handicapped rooms because the motel was built before 1990. Plaintiff BYRON CHAPMAN was also told that the local building department said nothing had to be done. Plaintiff BYRON CHAPMAN told them he would be back in the area for business and that they should look into their obligations under the Americans with Disabilities Act (ADA).

19.     On or about March 30, 20210, Jay Hong Kim wrote plaintiff BYRON CHAPMAN. He stated:

> "Thank you for your letter regarding the deficiency in ADA guidelines at La Posada. In the past, no one has had the courtesy to detail their difficulties as a guest in our motel so they may have left feeling inconvenienced and resolved not to return. Your specific descriptions are helpful because they facilitate the remedy. I have begun consulting with ADA compliant, licensed contractors to modify our lobby, parking area and two first-floor rooms for wheel-chair and disabled-persons access. During this slow season the project can be carried out with less disruption to employees and guests. I will keep you advised of our progress in the hope you will return and discuss with me your evaluation."

20.     On or about May 13, 2010, plaintiff BYRON CHAPMAN returned to the BEST WESTERN LA POSADA. Plaintiff BYRON CHAPMAN was alone. There was no disabled parking stall. This forced plaintiff to take up two (2) stalls. Plaintiff BYRON CHAPMAN wheeled to the lobby door. The three (3) to four (4) inch threshold blocked his entry. Plaintiff BYRON CHAPMAN tapped on the glass until the clerk came. Plaintiff BYRON CHAPMAN inquired if there was an handicapped accessible room. He was told "no." Plaintiff BYRON CHAPMAN left and secured a local receipt.

21.     On or about July 28, 2010, plaintiff BYRON CHAPMAN returned to BEST WESTERN LA POSADA. He was hopeful that barrier removal was in progress. When he drove into the parking lot, he saw that there was still no complying parking stalls or signage for the disabled and that the high threshold was still in place.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.     On or about October 9, 2010, plaintiff BYRON CHAPMAN accompanied

by his daughter, Kelli Morel, pulled into the parking lot of the LA POSADA.  There, plaintiff

BYRON CHAPMAN encountered no handicap parking space and the same three (3) to four (4)

inch threshold to the lobby/registration.  Plaintiff BYRON CHAPMAN asked his daughter to go

in and ask for a handicapped accessible guest room.  She did.  She was told in substance, that

there were none.

23.     On or about November 3, 2010, plaintiff BYRON CHAPMAN wrote Jay

Hong Kim:

> "Since your letter of March 30, 2010, I have not heard from you. You were
> to advise me of your progress. What did your ADA consultant say or
> recommend for the motel? What have the contractor(s) told you about
> modifying the lobby, parking and guest rooms? What did they tell you? You
> know that roll in showers generally cost a lot less money? Anyway, please
> tell me what the plan is and when you're getting started if you haven't
> already? I thought I would write you since it's been a little over seven (7)
> months. Please write me when you get this letter and thank you again in
> advance for your attention in this matter."

Plaintiff BYRON CHAPMAN never received a response

24.     On or about April 17, 2011 and July 18, 2011, plaintiff BYRON CHAPMAN

returned to LA POSADA. He returned on April 17, 2011 with his daughter, Kelli Morel,

and returned on July 18, 2011 with his wife, Judi Chapman. On both occasions, plaintiff BYRON

CHAPMAN encountered no parking for the disabled and the same three (3) to four (4) inch

threshold at the lobby. Without complying parking, plaintiff BYRON CHAPMAN risked being

blocked in and blocked out by other vehicle. Further, it would be a futile gesture for him to try to

independently enter the lobby/registration area.

///

///

///

///

///

25. Therefore, at said time(s) and place, plaintiff BYRON CHAPMAN, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a. lack of directional signage to show accessible routes of travel, i.e. entrances;

b. lack of the requisite type and number of disabled parking stall(s);

c. lack of disabled van accessible parking stall(s);

d. lack of handicapped accessible parking signage;

e. lack of tow-a-way signage;

f. lack of an accessible entrance at lobby/registration due to threshold;

g. lack of handicapped accessible registration counter;

h. lack of a handicapped accessible guest room with two beds and bathroom within;

i. lack of the requisite number for handicapped accessible guest room(s) by classification /category of rooms;

j. lack of the requisite number of accessible guest room (s)by classification;

k. lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

l. On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated; and

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

m.    Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest rooms will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities.

26.    Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at said time(s) and place herein in addition to categorical architectural barriers as stated herein include but are not limited to:

- no disabled parking signage;
- no van accessible parking stall(s) and access aisle(s);
- no level landing at entrance(s);
- step and/or high threshold at entrance to registration/lobby; and
- inaccessible counter in registration /lobby area.

27.    At all time(s) as stated herein, plaintiff BYRON CHAPMAN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

28.    At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff BYRON CHAPMAN from full and equal opportunities afforded to non disabled persons to the goods and services of BEST WESTERN LA POSADA.

29.    Plaintiff BYRON CHAPMAN is deterred from returning to BEST WESTERN LA POSADA so long as architectural barrier(s) complained of that he encountered, as stated herein are not ADAAG compliant.

30.    At said time(s) and place, when plaintiff BYRON CHAPMAN encountered the architectural barriers as stated herein, plaintiff BYRON CHAPMAN in attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    This constitutes a denial of full and equal access to the subject public accommodation and a
2    denial of the opportunity to independently enjoy and participate in the opportunities, goods and
3    services offered to non disabled persons and patrons, invitees and guests.

4          31.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff
5    BYRON CHAPMAN the same full and equal access that a non wheelchair user/non disabled
6    person would enjoy while engaging in the goods, service and opportunities offered at the subject
7    BEST WESTERN LA POSADA.

8          32.    At all times stated herein, the existence of architectural barriers at defendants'
9    place of public accommodation evidenced "actual notice" of defendants' intent not to comply
10   with the Americans with Disabilities Act of 1990 either then, now or in the future.

11         33.    At all times stated herein, defendants, and each of them, did not act as
12   reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent
13   for not removing architectural barriers that would foreseeably prevent plaintiff BYRON
14   CHAPMAN from receiving the same goods and services as able bodied people and some of
15   which may and did pose a threat of harm and/or personal injury to people with disabilities.

16         34.    As a legal result of defendants' actions or omissions as stated herein and
17   defendants' denial of access to plaintiff to all or part of the facilities constituting the public
18   accommodations which comprise the BEST WESTERN LA POSADA, plaintiff was wrongfully
19   evicted and/or rejected by defendants, and each of them.

20         35.    As a result of the denial of equal access to defendants' facilities due to the acts
21   and omissions of defendants, and each of them, in owning, operating and maintaining these
22   subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil
23   rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq.*

24

25

26

27

28

36.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

37.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff BYRON CHAPMAN's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff BYRON CHAPMAN  harm as stated herein.

38.     Plaintiff BYRON CHAPMAN was denied his rights to equal access to a public facility by defendant J&W HOTEL, INC., because defendant J&W HOTEL, INC. maintained a motel without access for persons with physical disabilities to its facilities, including but not limited to  signage, parking, cashier counter, guest room(s), men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

39.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

40.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

41.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

42.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein. Plaintiff seeks an order from this court compelling defendants to make the BEST WESTERN LA POSADA accessible to persons with disabilities.

43.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the BEST WESTERN LA POSADA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the motel as a public facility.

44.     Plaintiff(s) believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

45.     Plaintiff seeks damages for violation of his civil rights on March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011 and July 18, 2011 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff BYRON CHAPMAN from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  The acts and omission of defendants, and each of them, in failing to provide the required
2  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order
6  to make a more profound example of defendants, and each of them, to other operators and
7  landlords of other motels, hotels, inns and other public facilities, and to punish defendants and to
8  carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

9      46.    Plaintiff is informed and believes and therefore alleges that defendant J&W
10  HOTEL, INC., and each of them, caused the subject building(s) which constitute the BEST
11  WESTERN LA POSADA to be constructed, altered and maintained in such a manner that
12  persons with physical disabilities were denied full and equal access to, within and throughout
13  said building(s) of the BEST WESTERN LA POSADA and were denied full and equal use of
14  said public facilities. Furthermore, on information and belief, defendants have continued to
15  maintain and operate said motel and/or its building(s) in such conditions up to the present time,
16  despite actual and constructive notice to such defendants that the configuration of LA POSADA
17  and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such
18  as plaintiff BYRON CHAPMAN, and other members of the disability community. Such
19  construction, modification, ownership, operation, maintenance and practices of such public
20  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
21  the ADA, 42 U.S.C. §12101, *et seq.*

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BEST WESTERN LA POSADA and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff BYRON CHAPMAN himself, sponsors of conferences owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the BEST WESTERN LA POSADA accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the BEST WESTERN LA POSADA. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    48.    Plaintiff BYRON CHAPMAN and the disability community, consisting of

2   persons with disabilities, would, could and will return to the subject public accommodation when

3   it is made accessible to persons with disabilities.

4   I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

5      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W

6      HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL ,
       inclusive)

7      (42 U.S.C. §12101, *et seq.*)

8      49.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9   the allegations contained in paragraphs 1 through 48 of this complaint.

10     50.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12  protect:

13              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and

14              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a

15              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality

16              of opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing

17              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an

18              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.

19
       51.    Congress stated as its purpose in passing the Americans with Disabilities Act of

20  1990 (42 U.S.C. §12102):

21
                It is the purpose of this act (1) to provide a clear and

22              comprehensive national mandate for the elimination of
                discrimination against individuals with disabilities; (2) to provide

23              clear, strong, consistent, enforceable standards addressing
                discrimination against individuals with disabilities; (3) to ensure

24              that the Federal government plays a central role in enforcing the
                standards established in this act on behalf of individuals with

25              disabilities; and (4) to invoke the sweep of Congressional
                authority, including the power to enforce the 14th Amendment and

26              to regulate commerce, in order to address the major areas of
                discrimination faced day to day by people with disabilities.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

52.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. §12181(7)(A)

53.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

54.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///
///
///

1

> (iii)    a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,
> privilege, advantage, or accommodation being offered or would
> result in an undue burden;
>
> (iv)    a failure to remove architectural barriers, and
> communication barriers that are structural in nature, in existing
> facilities . . . where such removal is readily achievable; and
>
> (v)    where an entity can demonstrate that the removal of
> a barrier under clause (iv) is not readily achievable, a failure to
> make such goods, services, facilities, privileges, advantages or
> accommodations available through alternative methods if such
> methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

55.    The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BEST WESTERN LA POSADA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

56.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1   Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff
2   complains of herein were and are "readily achievable" by the defendants under the standards set
3   forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily
4   achievable" for defendants to remove each of such barriers, defendants have failed to make the
5   required services available through alternative methods which were readily achievable.

6        57.    On information and belief, construction work on, and modifications of, the subject
7   building(s) of LA POSADA occurred after the compliance date for the Americans with
8   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III
9   of the ADA.

10        58.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
11   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
12   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
13   of disability in violation of this title or have reasonable grounds for believing that plaintiff is
14   about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning
15   to or making use of the public facilities complained of herein so long as the premises and
16   defendants' policies bar full and equal use by persons with physical disabilities.

17        59.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with
18   a disability to engage in a futile gesture if such person has actual notice that a person or
19   organization covered by this title does not intend to comply with its provisions." Pursuant to this
20   section, plaintiff BYRON CHAPMAN has not returned to defendants' premises since on or
21   about  July 18, 2011, but on information and belief, alleges that defendants have continued to
22   violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
23   access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
24   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
25   facilities readily accessible to and usable by individuals with disabilities to the extent required by
26   this title."

27   ///
28   ///

60.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

61.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 60 of this complaint.

62.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

63.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    64.    California Civil Code §54.1 further provides that a violation of the Americans

2   with Disabilities Act of 1990 constitutes a violation of section 54.1:

3                    (d) A violation of the right of an individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-336)
4            also constitutes a violation of this section, and nothing in this
             section shall be construed to limit the access of any person in
5            violation of that act.

6            Civil Code §54.1(d)

7    65.    Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1

8   whose rights have been infringed upon and violated by the defendants, and each of them, as

9   prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

10   knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

11   Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

12   defendants' BEST WESTERN LA POSADA.  As a legal result, plaintiff is entitled to seek

13   damages pursuant to a court or jury determination, in accordance with California Civil Code

14   §54.3(a) for each day on which he  visited or have been deterred from visiting the LA POSADA

15   because of his  knowledge and belief that the motel  is inaccessible to persons with disabilities.

16   California Civil Code §54.3(a) provides:

17                    Any person or persons, firm or corporation, who denies or
             interferes with admittance to or enjoyment of the public facilities
18           as specified in Sections 54 and 54.1 or otherwise interferes with
             the rights of an individual with a disability under Sections 54, 54.1
19           and 54.2 is liable for each offense for the actual damages and any
             amount as may be determined by a jury, or the court sitting without
20           a jury, up to a maximum of three times the amount of actual
             damages but in no case less than . . .one thousand dollars ($1,000)
21           and . . . attorney's fees as may be determined by the court in
             addition thereto, suffered by any person denied any of the rights
22           provided in Sections 54, 54.1 and 54.2.

23           Civil Code §54.3(a)

24   ///

25   ///

26   ///

27   ///

28   ///

66.     On or about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011 and July 18, 2011, plaintiff BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff BYRON CHAPMAN was denied access to signage, parking, cashier counter, guest room(s),  men's restroom and women's restroom  and other public facilities as stated herein at the BEST WESTERN LA POSADA and on the basis that plaintiff BYRON CHAPMAN was a person with physical disabilities.

67.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

68.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

69.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011 and July 18, 2011, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

1   70.   As a result of defendants', and each of their, acts and omissions in this regard,

2   plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3   plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4   disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5   the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6   reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7   plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also

8   to compel the defendants to make their facilities accessible to all members of the public with

9   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10   the provisions of §1021.5 of the Code of Civil Procedure.

11   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12   (On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W
     HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL,
13   inclusive)
     (Health & Safety Code §19955, *et seq.*)

14

15   71.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

16   the allegations contained in paragraphs 1 through 70 of this complaint.

17   72.   Health & Safety Code §19955 provides in pertinent part:

18   The purpose of this part is to insure that public accommodations or
     facilities constructed in this state with private funds adhere to the
19   provisions of Chapter 7 (commencing with Sec. 4450) of Division
     5 of Title 1 of the Government Code. For the purposes of this part
20   "public accommodation or facilities" means a building, structure,
     facility, complex, or improved area which is used by the general
21   public and shall include auditoriums, hospitals, theaters,
     restaurants, hotels, motels, stadiums, and convention centers.
22   When sanitary facilities are made available for the public, clients or
     employees in such accommodations or facilities, they shall be
23   made available for the handicapped.

24   73.   Health & Safety Code §19956, which appears in the same chapter as §19955,

25   provides in pertinent part, "accommodations constructed in this state shall conform to the

26   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

27   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

28   public accommodations constructed or altered after that date.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   On information and belief, portions of the BEST WESTERN LA POSADA and/or of the

2   building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the LA

3   POSADA and/or the building(s) had alterations, structural repairs, and/or additions made to such

4   public accommodations after July 1, 1970, thereby requiring said motel and/or building to be

5   subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such

6   alteration, structural repairs or additions per Health & Safety Code §19959.

7        74.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

8   Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

9   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

10  Regulations and these regulations must be complied with as to any alterations and/or

11  modifications of BEST WESTERN LA POSADA and/or the building(s) occurring after that date.

12  Construction changes occurring prior to this date but after July 1, 1970 triggered access

13  requirements pursuant to the "ASA" requirements, the American Standards Association

14  Specifications, A117.1-1961. On information and belief, at the time of the construction and

15  modification of said building, all buildings and facilities covered were required to conform to

16  each of the standards and specifications described in the American Standards Association

17  Specifications and/or those contained in the California Building Code.

18       75.     Hotels, motels and inns such as the BEST WESTERN LA POSADA are "public

19  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

20       76.     As a result of the actions and failure to act of defendants, and as a result of the

21  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

22  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

23  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

24  facilities.

25

26

27

28

1      77.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

2  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiff's civil rights and enforce provisions of the law protecting access for the persons with

4  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

5  and to take such action both in plaintiff's own interests and in order to enforce an important right

6  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

7  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

8  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

9  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

10  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

11  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

12      78.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

13  them, to make the subject place of public accommodation readily accessible to and usable by

14  persons with disabilities.

15  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
      EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

16  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
      SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

17  (On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W
      HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL ,

18  inclusive)
      (Civil Code §51, 51.5)

19

20      79.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

21  the allegations contained in paragraphs 1 through 78 of this complaint.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

80.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

81. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

82. Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at ¶49, *et seq.*, as if repled herein.

83. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    84.    Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental

2  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

3  humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly

4  and naturally associated with a person with physical disabilities encountering architectural

5  barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter

6  in an amount within the jurisdiction of this court.  No claim is being made for mental and

7  emotional distress over and above that usually associated with the discrimination and

8  physical injuries claimed, and no expert testimony regarding this usual mental and emotional

9  distress will be presented at trial in support of the claim for damages.

10    85.    Plaintiff BYRON CHAPMAN is entitled to the rights and remedies of

11  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

12  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and

13  costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendants
5      J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA
        MOTEL , inclusive)
6      (42 U.S.C. §12101, *et seq.*)

7          1.      For injunctive relief, compelling defendants Defendants J&W HOTEL, INC., a

8 California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the

9 BEST WESTERN  LA POSADA, located at 827 W. Ventura Street, Fillmore, California,

10 readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*,

11 and to make reasonable modifications in policies, practice, eligibility criteria and procedures

12 so as to afford full access to the goods, services, facilities, privileges, advantages and

13 accommodations being offered.

14          2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed

15      the prevailing party; and

16          3.      For such other and further relief as the court may deem proper.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LAPOSADA MOTEL, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the BEST WESTERN LA POSADA, located at 827 W. Ventura Street, Fillmore, California, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendant Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the BEST WESTERN LA POSADA, located at 827 W. Ventura Street, Fillmore, California, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff BYRON CHAPMAN, an individual and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LAPOSADA MOTEL , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

///

///

///

///

///

///

///

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.     General damages according to proof;

4.     Treble damages pursuant to Civil Code §52(a);

5.     For all costs of suit;

6.     Prejudgment interest pursuant to Civil Code §3291; and

7.     Such other and further relief as the court may deem just and proper.

Dated: __3/7/12__, 2012     **BYRON CHAPMAN,** *IN PRO PER,*

By:_____
Plaintiff BYRON CHAPMAN, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: __3/7/12__, 2012     **BYRON CHAPMAN,** *IN PRO PER,*

By:_____
Plaintiff BYRON CHAPMAN, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 2004 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | **[ ] Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | **[ ] Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

BYRON CHAPMAN, In Propria Persona
1010 Monique Way
Dixon, CA 95620
707-678-2323

**FOR OFFICE USE ONLY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Byron Chapman, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v.<br><br>J&W HOTEL, INC., a California Corporation dba<br>BEST WESTERN LA POSADA MOTEL<br><br>DEFENDANT(S). | CV 12 2004—JFW (VBKx)<br><br>**SUMMONS** |

TO:    DEFENDANT(S):

      A lawsuit has been filed against you.

      Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Byron Chapman, In Pro Per_____, whose address is _1010 Monique Way, Dixon, California 95620. Tele: 707-678-2323_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _MAR - 9 2012_____

By: _____
        MARISELA VIS
        Deputy Clerk

(Seal of the Court)

**FOR OFFICE USE ONLY**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| BYRON CHAPMAN, IN PRO PER | J&W HOTEL, INC , a California Corporation dba BEST WESTERN LA POSADA MOTEL |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| Byron Chapman, In Pro Per, 3910 Monique Way Dixon, CA 95620 Tele  707-678-2323 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U S  Government Plaintiff     ☑ 3 Federal Question (U S Government Not a Party)

☐ 2 U S  Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant )

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U S  Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )
Americans with Disabilities Act of 1990 (42 U S C  12101, et seq

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info  Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U S  Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number   **CV12  2004**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Solano County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Chapman_   Date March 9, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   **CIVIL COVER SHEET**   Page 2 of 2