Case 2:12-cv-02004-JFW-VBK   Document 11   Filed 05/30/12   Page 1 of 4   Page ID #:88

1 THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
3 4328 Redwood Hwy., Suite 300
4 San Rafael, CA 94903
Telephone:    415/674-8600
5 Facsimile:    415/674-9900
6
7 Attorney for Plaintiff BYRON CHAPMAN

8 **UNITED STATES DISTRICT COURT**
9 **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| BYRON CHAPMAN, an individual, | **CASE NO. CV-12-2004-JFW (VBKx)** |
| Plaintiff, | **PLAINTIFF'S REQUEST ALLOWING SUBSTITUTION OF ATTORNEY** |
| v. | |
| J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, | |
| Defendant. | |

Thomas E. Frankovich has been retained by Byron Chapman. Byron Chapman is presently *in pro per*.

Thomas E. Frankovich is subject to a sanction in the form of a pre-filing Order issued by the late Judge Edward Rafeedie. As the statute of limitations was running in the above-mentioned matter and as Thomas E. Frankovich did not have the time to do a petition or request to dissolve the sanction, Mr. Chapman was advised, requested and agreed to having a complaint prepared for him to place him *in pro per*.

///

///

The complaint was filed and the statute of limitations protected. So, as to not run afoul of the spirit of the filing Order, as there is nothing in the Order prohibiting the substitution of attorney, Thomas E. Frankovich wants this court to be aware of the situation. The sanction created a mound of paper work. So that this court has the record, so to speak, the following are exhibits should the court desire to do an in depth analysis. Thomas E. Frankovich also wants this court to be aware of new facts that have arisen since Judge Edward Rafeedie issued the pre-filing Order.

- The Honorable Judge Edward Rafeedie's pre-filing Order is attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.
- The Ninth Circuit Opinion *Jarek Molski v. Evergreen Dynasty Corp., et al., 500 F.3d 1047 (9th Circuit 2007)* is attached hereto collectively as exhibit "B" and incorporated by reference as though fully set forth herein.
- The Ninth Circuit Dissent Opinion *Jarek Molski v. Evergreen Dynasty Corp., et al., 521 F.3d 1215 (9th Circuit 2008)* is attached hereto collectively as exhibit "C" and incorporated by reference as though fully set forth herein.
- The Santa Barbara County Superior Court Judgment in the matter of *Jarek Molski v. Mandarin Touch Restaurant*, et al. Case No. 112370 is attached hereto collectively as exhibit "D" and incorporated by reference as though fully set forth herein.
- The California State Bar Decision, Case No. 04-O-15890 and 06-J-13032 is attached hereto collectively as exhibit "E" and incorporated by reference as though fully set forth herein.

The only thing that should be relevant to this court is what happened in the trial of the case in chief. Subsequently, the damage component of the Jarek Molski vs Mandarin Touch case was tried in th Santa Barbara County Superior Court in *Jarek Molski v. Mandarin Touch Restaurant*, et al. Case No. 1172370. There were two (2) unanimous verdicts rendered in the Mandarin case. One 12-0 verdict for discrimination on January 25, 2003, and one 12-0 verdict for intentional discrimination on January 28, 2005.

1  These were from two (2) separate discrimination incidents almost two (2) years apart. The jury
2  spoke.  Although, due process was not afforded by the late Judge Rafeedie, he saw fit to refer the
3  matter to the California State Bar for prosecution. We assume he sent his Order to the State Bar
4  along with other information that plaintiff's counsel was and is not privy to.  The State Bar
5  prosecuted Thomas E. Frankovich based upon the court's findings.  After a six (6) day bench
6  trial, the California State Bar ordered dismissals on all charges.  *See* Exhibit E.

7      For the record, as stated in the Declaration of Thomas E. Frankovich, he personally
8  conducted a Rule 11 inspection (as he always does) and had an expert Sub Rosa inspection of
9  Best Western La Posada done.  The conclusion:

10 • There were fifty-five (55) parking spaces. Two (2) spaces are required to be
11    ADAAG compliant. One (1) must be van accessible.
12 • There was no compliant handicapped accessible parking stalls; the emblems on
13    the parking stalls were faded out.
14 • There was no signage to designate them as being disabled parking nor van
15    accessible.
16 •  The lobby/registration area was not accessible due to a three and one-half 3½"
17    threshold at the entrance.
18 • La Posada has forty-eight (48) guest rooms.  None were accessible for the
19    disabled.  It was required to have two (2) accessible guest rooms for the disabled.
20 • Room number 27 was inspected to determine if it could be made an ADAAG
21    compliant guest room for the disabled.

22     This is a meritorious case.  Thomas E. Frankovich should be allowed to substitute into
23 this action.  Thomas E. Frankovich plans subsequently to make a request to the court to dissolve
24 the pre-filing Order based upon the Ninth Circuit 11 Judges Dissent Decision, the two (2)
25 unanimous verdicts in the case itself and the Order of Dismissal by the California State Bar
26 Court.
27 ///
28 ///

PLAINTIFF'S REQUEST ALLOWING SUBSTITUTION OF ATTORNEY    CASE NO. CV-12-2004-JFW (VBKx)

1 It is respectfully requested that the attached Substitution of Attorney be ordered to be
2 filed.
3
4 Dated: May 30, 2012       THOMAS E. FRANKOVICH, ESQ.,
5           **A PROFESSIONAL LAW CORPORATION**
6
7
8           By: ____/s/Thomas E. Frankovich_____
             Thomas E. Frankovich
9           Attorney for Plaintiff BYRON CHAPMAN, *In Pro*
10          *Per*

PLAINTIFF'S REQUEST ALLOWING SUBSTITUTION OF ATTORNEY    CASE NO. CV-12-2004-JFW (VBKx)

4