1  THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   THOMAS E. FRANKOVICH (State Bar No. 074414)
3  4328 Redwood Hwy., Suite 300
4  San Rafael, CA 94903
   Telephone:     415/674-8600
5  Facsimile:     415/674-9900
6
7  Attorney for Plaintiff BYRON CHAPMAN
8
9           **UNITED STATES DISTRICT COURT**
10          **CENTRAL DISTRICT OF CALIFORNIA**
11

12  BYRON CHAPMAN, an individual,            )   **CASE NO. CV-12-2004-JFW (VBKx)**
                                             )
13         Plaintiff,                        )   **DECLARATION OF THOMAS E.**
                                             )   **FRANKOVICH IN SUPPORT OF**
14  v.                                       )   **PLAINTIFF'S REQUEST TO ALLOW**
                                             )   **SUBSTITUTION OF ATTORNEY**
15                                           )
                                             )
16  J&W HOTEL, INC., a California            )
    Corporation dba BEST WESTERN LA          )
17  POSADA MOTEL,                            )
                                             )
18         Defendant.                        )
                                             )
19  ──────────────────────────────────      )

20

21         I, THOMAS E. FRANKOVICH, declare that I am an attorney duly licensed to

22  practice in this and all of the courts in the state of California and if called as a witness and duly

23  sworn, I would and could competently testify to the following based upon my own personal

24  knowledge:

25         That, my practice for the most part from 1994 to the present, has been representing

26  disabled persons in Americans with Disabilities Act ("ADA") Title III access cases.  I would

27  estimate that I've handled in excess of 2,000 such cases.

28  ///

DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF'S REQUEST TO ALLOW SUBSTITUTION OF
ATTORNEY                                      CASE NO. CV-12-2004-JFW (VBKx)

1

1    That, I, Thomas E. Frankovich am subject to a sanction in the form of a pre-filing Order

2 issued by the late Judge Edward Rafeedie.  As the statute of limitations was running in the

3 above-mentioned matter and I did not have the time to do a petition or request to dissolve the

4 sanction, Mr. Chapman was advised, requested and agreed to having a complaint prepared for

5 him to place him *in pro per*.

6    The complaint was filed and the statute of limitations protected.  So, as to not run afoul of

7 the spirit of the filing Order, as there is nothing in the Order prohibiting the substitution of

8 attorney, this declarant wants this court to be aware of the situation.  The sanction created a

9 mound of paper work.  So that this court has the record, so to speak, the following are exhibits

10 should the court desire to do an in depth analysis.  This declarant also wants this court to be

11 aware of new facts that have arisen since Judge Edward Rafeedie issued the pre-filing Order.

12    •    The Honorable Judge Edward Rafeedie's pre-filing Order.

13    •    The Ninth Circuit Opinion *Jarek Molski v. Evergreen Dynasty Corp., et al., 500*

14    *F.3d 1047 (9th Circuit 2007).*

15    •    The Ninth Circuit Dissent Opinion *Jarek Molski v. Evergreen Dynasty Corp., et*

16    *al., 521 F.3d 1215 (9th Circuit 2008).*

17    •    The Santa Barbara County Superior Court Judgment in the matter of *Jarek Molski*

18    *v. Mandarin Touch Restaurant*, et al. Case No. 112370.

19    •    The California State Bar Decision, Case No. 04-O-15890 and 06-J-13032.

20    (See Plaintiff's Plaintiff's Request Allowing Substitution of Attorney).

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF'S REQUEST TO ALLOW SUBSTITUTION OF
ATTORNEY                          CASE NO. CV-12-2004-JFW (VBKx)

2

1    The only thing that should be relevant to this court is what happened in the trial of the

2  case in chief.  Subsequently to the Order and Ninth Circuit Decision and Dissent, the damage

3  component of the Jarek Molski v. Mandarin Touch case was tried in th Santa Barbara County

4  Superior Court in *Jarek Molski v. Mandarin Touch Restaurant*, et al. Case No. 1172370.  This

5  declarant tried the case.  There were two (2) unanimous verdicts rendered in the Mandarin case.

6  One 12-0 verdict for discrimination on January 25, 2003, and one 12-0 verdict for intentional

7  discrimination on January 28, 2005.  These were from two (2) separate discrimination incidents

8  almost two (2) years apart.  The jury spoke.  Although, due process was not afforded by the late

9  Judge Rafeedie, he saw fit to refer the matter to the California State Bar for prosecution.  We

10  assume he sent his Order to the State Bar along with other information that plaintiffs' counsel

11  was and is not privy to.  The State Bar prosecuted this declarant based upon the court's findings.

12  After a six (6) day bench trial, the California State Bar ordered dismissals on all charges.  (See

13  Plaintiff's Request Allowing Substitution of Attorney).

14    For the record, this declarant personally conducted a Rule 11 inspection (as this declarant

15  always does) and had an expert Sub Rosa inspection of Best Western La Posada done.  The

16  conclusion:

17    •    There were fifty-five (55) parking spaces.  Two (2) spaces are required to be

18        ADAAG compliant.  One (1) must be van accessible.

19    •    There was no compliant handicapped accessible parking stalls; the emblems on

20        the parking stalls were faded out.

21    •    There was no signage to designate them as being disabled parking nor van

22        accessible.

23    •    The lobby/registration area was not accessible due to a three and one half 3½"

24        threshold at the entrance.

25    •    La Posada has forty-eight (48) guest rooms.  None were accessible for the

26        disabled.  It was required to have two (2) accessible guest rooms for the disabled.

27    •    Room number 27 was inspected to determine if it could be made an ADAAG

28        compliant guest room for the disabled.

DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF'S REQUEST TO ALLOW SUBSTITUTION OF
ATTORNEY                                         CASE NO. CV-12-2004-JFW (VBKx)

1       This is a meritorious case.  This declarant should be allowed to substitute into this action.

2  This declarant plans subsequently to make a request to the court to dissolve the pre-filing Order

3  based upon the Ninth Circuit 11 Judges Dissent Decision, the two (2) unanimous verdicts in the

4  case itself and the Order of Dismissal by the California State Bar Court.

5       Lastly, I spoke with defense attorney, Duncan Lee, I informed him I was filing this

6  request and the basis for it.  He and I tentatively agreed to an inspection in June 2012.

7  Thereafter, he would be provided with plaintiff's expert report and settlement demand.

8       It is respectfully requested that the attached Substitution of Attorney be ordered to be

9  filed.

10       I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

11  30th day of May, 2012 at San Rafael, California.

12

13      Respectfully submitted,

14      THOMAS E. FRANKOVICH, ESQ.,

15      **A PROFESSIONAL LAW CORPORATION**

16

17      By: ____/s/Thomas E. Frankovich_____

18            Thomas E. Frankovich

19

20

21

22

23

24

25

26

27

28

DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF'S REQUEST TO ALLOW SUBSTITUTION OF
ATTORNEY                         CASE NO. CV-12-2004-JFW (VBKx)